IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**LANA JEAN MARICLE**                                                                    **PLAINTIFF**

V.                                          NO. 3:20-CV-149-DMB-JMV

**COMMISSIONER OF SOCIAL SECURITY**                                                **DEFENDANT**

## ORDER

Lana Jean Maricle seeks this Court's review of the denial of her application for social security disability insurance benefits. United States Magistrate Judge Jane M. Virden issued a Report and Recommendation recommending the Commissioner's decision be affirmed. For the reasons discussed below, the Report and Recommendation will be adopted in part and rejected in part as moot; the Commissioner's decision will be reversed; and this case will be remanded for further proceedings consistent with this order.

## I
## Relevant Background and Procedural History

On April 8, 2019, the Administrate Law Judge ("ALJ") issued an unfavorable decision on Lana Jean Maricle's application for social security disability insurance benefits. Doc. #13 at PageID 64–74. While following the five-step sequential evaluation process,[1] the ALJ found Maricle had multiple severe impairments: chronic migraines, myofascial pain syndrome, fibromyalgia, osteoarthritis, lumbago, cervicalgia, gastroesophageal reflux disease, and depression. *Id.* at PageID 66. But after finding Maricle did not have an impairment or a combination of impairments that meets or equals a listed impairment, the ALJ concluded Maricle had the residual functional capacity ("RFC") to perform light work. *Id.* at PageID 68–72. As part

---

[1] *See* 20 C.F.R. § 404.1520(a)(4).

of this RFC assessment, the ALJ afforded little weight to Dr. H.W. Cole's opinion regarding his mental assessment of Maricle and afforded significant weight to the opinion of the Disability Determination Service. *Id.* at PageID 72. Finally, the ALJ found Maricle was unable to perform past relevant work but determined she was capable of performing other work in the national economy and thus determined she was not disabled. *Id.* at PageID 72–74.

On May 27, 2020, Maricle filed a pro se complaint in the United States District Court for the Northern District of Mississippi seeking this Court's review of the unfavorable decision. Doc. #1. On June 5, 2020, with the assistance of counsel, Maricle amended her complaint. Doc. #4.

On August 23, 2021, United States Magistrate Judge Jane M. Virden issued a Report and Recommendation ("R&R") which recommends the Commissioner's decision be affirmed as supported by substantial evidence. Doc. #32 at 1. On September 3, Maricle filed objections to the R&R. Doc. #33. The Commissioner responded to the objections on September 16. Doc. #34.

## II
## Standards of Review

### A. R&R

Where objections to a report and recommendation have been filed, de novo review is appropriate only "of those portions of the … report and recommendation to which the [parties] specifically raised objections. With respect to those portions of the report and recommendation to which no objections were raised, the Court need only satisfy itself that there is no plain error on the face of the record." *Gauthier v. Union Pac. R.R. Co.*, 644 F. Supp. 2d 824 ,828 (E.D. Tex. 2009) (citations omitted).

### B. Commissioner's Decision

Review of the Commissioner's denial of social security benefits is limited to (1) whether "the final decision is supported by substantial evidence" and (2) whether "the Commissioner used

2

the proper legal standards to evaluate the evidence." *Keel v. Saul*, 986 F.3d 551, 555 (5th Cir. 2021). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up). "Evidence is substantial if a reasonable mind would support the conclusion; there must be more than a scintilla, but it need not be a preponderance." *Keel*, 986 F.3d at 555 (internal quotation marks omitted).

A court must be careful not to "reweigh the evidence or substitute [its] judgment for that of the ALJ." *Salmond v. Berryhill*, 892 F.3d 812, 819 (5th Cir. 2018) (internal quotation marks omitted). A court "may affirm only on the grounds that the Commissioner stated for his decision." *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014).

### III
### Analysis

The R&R recommends affirming the Commissioner's decision based on a finding that the ALJ (1) properly considered Maricle's complaints of fibromyalgia-related pain and (2) did not commit reversible error in weighing Dr. Cole's opinion. Doc. #32. As to Dr. Cole's opinion, the R&R specifically concluded that, although the ALJ erred in his assessment of Dr. Cole's opinion by not providing good cause for assigning it little weight, the ALJ did not commit reversible error because substantial evidence in the form of a DDS medical opinion supported the mental limitations assigned to Maricle. *Id.* at 12–13. In her objections, Maricle argues that the ALJ was required to address whether she would be able to maintain a job and that the ALJ's assessment of Dr. Cole's opinion was based on legal error. Doc. #33 at 3, 5–6.

#### A. Dr. Cole's Opinion

In her second objection, Maricle argues that because the ALJ failed to conduct the appropriate analysis for weighing a treating source's opinion when he considered Dr. Cole's

3

opinion, his determination was based on legal error and remand is required. *Id.* at 5–6. The Commissioner responds that substantial evidence supports the mental limitations the ALJ assigned and that Maricle fails to show harmful error. Doc. #34 at PageID 1927–28.

Because the Social Security Administration Regulations provide a particular procedure for evaluating medical opinion evidence,[2] the issue of whether Dr. Cole is a treating source is determinative of whether the ALJ properly evaluated the medical opinions in this case. *See Kneeland v. Berryhill*, 850 F.3d 749, 759–61 (5th Cir. 2017) (under Fifth Circuit precedent, "an ALJ may reject the opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)" or if there is "reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist"). A treating source is a claimant's "own acceptable medical source who provides … or has provided [the claimant] with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant]." 20 C.F.R. § 404.1527(a)(2). An ongoing treatment relationship exists when the medical evidence establishes that the claimant sees, or has seen, the source "with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required" for the claimant's medical conditions. *Id.* A medical source may qualify as a treating source even if the medical source has treated or evaluated the claimant "only a few times or only after long intervals … if the nature and frequency of the treatment or evaluation is typical" for the claimant's condition. *Id.* However, if the claimant's relationship with the medical source "is not based on [her] medical need for treatment or evaluation, but solely on [her] need to obtain a report in support of [her] claim for disability," the source will be considered a non-treating source. *Id.*

---

[2] *See* 20 C.F.R. § 404.1527(c).

A treating source's "opinion on the nature and severity of a claimant's impairment should receive 'controlling weight' when it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." *Roberts v. Colvin*, 946 F. Supp.2d 646, 658 (S.D. Tex. 2013) (cleaned up) (citing 20 C.F.R. § 404.1527(d)(2)). However, because "the ALJ has sole responsibility for determining a claimant's disability status," a treating source's opinion is not conclusive. *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). "Good cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Id.* at 456.

If there is no other reliable medical evidence from another treating or examining physician that controverts a treating physician's opinion, then the ALJ may reject the treating physician's opinion *only* if it performs a detailed analysis of the treating physician's views under the criteria in 20 C.F.R. § 404.1527(c).[3] *Id.* at 453. Section 404.1527(c) requires the ALJ to evaluate the opinion in light of the (1) examining relationship; (2) treatment relationship, including the length, nature and extent of the treatment relationship, as well as the frequency of the examination(s); (3) supportability; (4) consistency; (5) specialization; and (6) other factors which tend to support or contradict the opinion.

In this case, the ALJ evaluated Dr. Cole's mental assessment of Maricle as follows:

> Dr. Cole opined the claimant had extreme and marked limitations in some of her mental functioning (Exhibits 11F, and 12F). The undersigned gives this opinion little weight, as it is inconsistent with his finding she had no problem with her proceeding with the pain clinic. The opinion is also unsupported by objective evidence, but rather by subjective reporting. Additionally, the claimant no longer sees Dr. Cole.

---

[3] At the time *Newton* was issued, the relevant criteria were contained in 20 C.F.R. § 404.1527(d)(2).

Doc. #13 at PageID 72. The ALJ never explicitly addressed or stated whether he considered Dr. Cole to be a treating source. And a review of his decision does not fully reflect consideration of whether Dr. Cole saw Maricle "with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required" for her medical conditions. 20 C.F.R. § 404.1527(a)(2). Although the ALJ referred to Dr. Cole as Maricle's physician; acknowledged that Dr. Cole assessed her mental limitations as part of a screening process to receive treatment at a pain clinic; referenced Dr. Cole's opinions as presented in September 14, 2017, and November 8, 2017, written evaluations;[4] and noted that Maricle "no longer sees Dr. Cole," he did not discuss any of Maricle's other visits presented in Dr. Cole's Progress Notes, the frequency or duration of her visits, or the nature of the treatment provided.[5] Doc. #13 at PageID 67–68, 71–72.

The R&R references the appropriate legal standard for determining whether Dr. Cole was a treating source and acknowledges that the ALJ noted Maricle no longer sees Dr. Cole. Doc. #32 at 10 n.8. However, the R&R independently (1) determined Dr. Cole was not a treating source; (2) found the ALJ erred in his assessment of Dr. Cole's opinion; and (3) concluded there was still substantial evidence in the form of a DDS medical opinion supporting the mental limitations assigned by the ALJ.[6] *Id.* at 12–13.

Because it is unclear whether the ALJ considered Dr. Cole to be a treating source, this Court cannot determine whether the ALJ applied the correct legal standard. And "[a]ny such ambiguity … should be resolved at the administrative level." *Ramirez v. Saul*, No.19-cv-368, 2021

---

[4] *See* Doc. #13-1 at PageID 972–73, 976–78.

[5] Dr. Cole's Progress Notes show that Maricle saw him several times between April 10, 2017, and March 15, 2018. Beyond the initial referral so that she could proceed in the pain clinic, Maricle saw Dr. Cole on June 26, 2017, September 14, 2017, November 7, 2017, November 8, 2017, December 6, 2017, and March 15, 2018. Doc. #13-1 at PageID 1063.

[6] As noted below, the DDS opinion did not include a review of all of Dr. Cole's progress notes. *See infra* note 8.

6

WL 980630, at *6 (W.D. Tex. Mar. 15, 2021). Nonetheless, if the record demonstrates that the ALJ implicitly applied the appropriate standard for assessing a treating physician's opinion when he considered Dr. Cole's opinion and that his decision was based on substantial evidence, no distinction is required and remand is not warranted. *Id.*

It is clear the ALJ failed to conduct the detailed analysis which would be required under § 404.1527(c) if Dr. Cole was considered a treating source. As explained above, the ALJ's report did not discuss the length, frequency, or nature of Maricle's treatment with Dr. Cole and it focused only on Dr. Cole's two evaluations of Maricle while ignoring all other treatment provided. Doc. #13 at PageID 67. The ALJ also did not compare Dr. Cole's findings to other medical source evidence or otherwise discuss or compare Dr. Cole's opinions about Maricle's mental limitations with the medical opinion of other physicians. *Id.* at PageID 64–74. Notably, the ALJ did not discuss the substance of any other mental health findings, including the DDS' mental health findings on which he relied.[7] Instead, the ALJ discounted Dr. Cole's opinion as, at a minimum, an examining mental health specialist in favor of the opinions of non-examining physicians who had not reviewed all of Dr. Cole's treatment notes[8] and then concluded that Dr. Cole's opinion was "inconsistent" and "unsupported by objective evidence." *Id.* at PageID 72. The R&R found that the ALJ erred in his assessment of Dr. Cole's opinion because the "reasons provided by the ALJ d[id] not square with the evidence." Doc. #32 at 10. This Court agrees and finds further error in the lack of clarity regarding consideration of whether Dr. Cole is a treating source.

"Procedural perfection in administrative proceedings is not required as long as the

---

[7] While he referenced the two DDS disability determinations, the ALJ did not discuss substantive findings except to note they were supportive of the RFC and contained findings of depression supporting some mental limitations. Doc. #13 at PageID 72.

[8] *Compare* Doc. #13 at PageID 150 (DDS opinion signed 9/26/2017) *with* Doc. #13-1 at PageID 1063 (Dr. Cole's progress notes and mental capacity assessment dated 11/8/2017).

7

substantial rights of a party have not been affected." *Kneeland*, 850 F.3d at 761. Maricle argues her substantial rights were impacted because Dr. Cole's opinion "is dispositive of a disability finding." Doc. #33 at 6. The Commissioner contends Maricle did not carry her burden of proving harmful error. Doc. #34 at PageID 1928. However, the ALJ's errors hinder this Court's ability to determine whether the ALJ comported with proper legal standards when weighing Dr. Cole's opinion or whether the ALJ provided sufficient explanation for the weight to be afforded the opinion. Because these errors can directly affect the RFC determination, they are not harmless. *Kneeland*, 839 F.3d at 762. Accordingly, Maricle's second objection is sustained and this case must be remanded accordingly. Mindful that "[w]e may not reweigh the evidence or substitute our judgment for that of the Commissioner," *id.* at 761 n.59, this Court concludes that it is for the ALJ to determine, on remand, whether Dr. Cole was a treating source and then to weigh all medical opinion evidence and provide sufficient explanation of his findings in accordance with the regulations and this order.

### B. Fibromyalgia Complaints

Because the Court finds cause to reverse the Commissioner's decision and remand on a finding of error in the ALJ's assessment of Dr. Cole's opinion, the Court declines to assess whether the ALJ properly considered Maricle's complaints of fibromyalgia-related pain. *See* 20 C.F.R. § 404.983(a) (when a case is remanded from federal court, the ALJ may consider any issues relating to the claim). Thus, the remainder of the R&R is rejected as moot and Maricle's objection is overruled in this regard.

### IV
### Conclusion

The Report and Recommendation [32] is **ADOPTED in Part and REJECTED in Part**. It is ADOPTED to the extent it finds the ALJ erred in his assessment of Dr. Cole's opinion. It is

8

REJECTED as moot in all other respects. Maricle's second objection [33] to the Report and Recommendation is **SUSTAINED** and her first objection is **OVERRULED**. The Commissioner's final decision is **REVERSED** and this case is **REMANDED** pursuant to 42 U.S.C. § 405(g) for further consideration consistent with this order.

  **SO ORDERED**, this 30th day of March, 2022.

                /s/Debra M. Brown
                **UNITED STATES DISTRICT JUDGE**